## Fitzpatrick's Appeal.    Wilson's Estate.

*Devise for maintenance and education of children during minority by widow.— When trust determined by her death.*

A testator bequeathed one-third of his personal estate to his wife absolutely, and the residue of real and personal, to a trustee in trust for the payment of debts, &c., and then to receive and pay over one-third of the net income of the real estate to his wife, during her natural life, for her sole and separate use, and the residue of the net income of real and personal, to pay over to her for the support, maintenance, and education of his children until the youngest should arrive at the age of twenty-one years, when the personal estate should be divided among them ; and afterwards provided that after her decease the trusts and limitations created by the will should cease and determine.

*Held*, that the testamentary trust expired at the death of the widow, though it occurred during the minority of the children, and that the balance in the hands of the trustee must be paid to their guardian.

13 Wr.—16

[Fitzpatrick's Appeal.   Wilson's Estate.]

APPEAL from the Orphans' Court of *Philadelphia.*

This was an appeal by Patrick Fitzpatrick, guardian of Florence Vincent Wilson, Frances Josephine Wilson, Mary Martha Wilson, and Anna Elizabeth Wilson, minor children of Fletcher Wilson, deceased, from the decree of the Orphans' Court affirming the exceptions to the auditor's report in the matter of the estate of said deceased.

The case was this:—Fletcher Wilson, of Philadelphia, died on the 5th of November 1858, seised and possessed of real and personal estate.   By his last will and testament, dated August 28th 1858, and proved on the 11th of November in the same year, he devised and bequeathed, in the first place, one-third of his personal estate to his wife, Mary Frances Wilson, absolutely. All the rest, residue, and remainder of his estate, real and personal, he devised and bequeathed unto John Hertzler, Jr., in trust, for the payment of his debts and funeral expenses, and after their payment to receive and take all the income of his residuary estate, and to pay one-third of the net income of his real estate to his wife for and during the term of her natural life, for her own sole and separate use, and to pay the residue of the net income of his real and personal estate to his said wife, for the support, maintenance, and education of his children, until such time as his youngest child should have attained the age of twenty-one years.

After the youngest child shall come of age, all the personal estate was to be divided among the four children, naming them, share and share alike, and the net income of the real estate from that time until the decease of the widow, was in like manner to be paid to the children, if living.

The will then proceeded thus: "And from and immediately after the decease of my said wife, then and from thenceforth the trusts and limitations hereby created shall cease and determine, and my said children shall take the said trust estate, if living, share and share alike," with provision for the issue of any child that "shall have died during the continuance of said trust," and for the division among the surviving children of the share of any child dying without issue.

Full power of sale was given to the trustee; the purchaser was discharged from liability for the application of the purchase-money, and the proceeds were to be invested.

The widow was appointed guardian of the minor children, and Mr. Hertzler sole executor.

Mrs. Wilson, the testator's widow, died on the 3d of April 1859.   On the 16th of October 1863, Patrick Fitzpatrick, the appellant, was appointed guardian of the testator's four children, who are all living, and still under age.

Mr. Hertzler, the executor, filed an account in the register's

office on the 21st of October 1861, which was referred by the Orphans' Court to George Erety, Esq., as auditor, who reported, among other things, that upon the death of the widow the testamentary trust expired by its own limitation. He further reported that the trustee should pay to the guardian the amount of money in his hands for the support, maintenance, and education of the testator's children until they shall arrive at the age of twenty-one years. To this part of the report exceptions were filed on behalf of the trustee. These exceptions were argued and sustained by the Orphans' Court, which decreed that the report should be overruled so far as it declared that the trust had determined, that the balance in the trustee's hands should be paid to the guardian, but that the report in other respects should be confirmed absolutely; upon which this appeal was taken by the guardian as above, who averred here that the Orphans' Court erred,

1. In decreeing that the exceptions filed on behalf of the trustee to the auditor's report should be sustained.

2. In overruling the said report so far as it declares the trust created by the will of the testator to have determined, and that the balance in the hands of the trustee should be paid to the guardian of the minor children of the testator.

3. In decreeing that the trustee retain the balance found to be in his hands by the auditor, and dispose of the same as directed by the will. And,

4. In not confirming the auditor's report absolutely, and decreeing that the balance in the hands of the trustee should be paid to the guardian of the minor children of the testator.

*Joseph A. Clay*, for appellant.

*Henry M. Phillips*, for appellee.

The opinion of the court was delivered, March 23d 1865, by

STRONG, J.—We cannot read the will of the testator without the conviction that his general intent in the creation of the trust was to provide for his widow, and assist her in taking charge of the children and in supporting and educating them until the youngest should attain the age of twenty-one years, if she should live so long. Every direction in regard to the time of division of the property may be reconciled with such a primary intent. A personal confidence was reposed in the wife. She was not only made the guardian of the children, but the income of all the estate not given to her was directed to be paid into her hands, for their support, maintenance, and education. She was left to follow her own judgment as to the mode and extent, and she was to be compensated by the income of two-thirds of the

[Fitzpatrick's Appeal.   Wilson's Estate.]

estate.   The trust in Mr. Hertzler was to relieve her.   Upon him was imposed the duty of taking care of the real estate, and of that part of the personalty not bequeathed directly to the wife, the duty of collecting the rents and income, and paying it over to her.   Thus she was to be but a guardian of the persons of the children.   The trustee had nothing to do directly with their maintenance and education, and he had no right in any event, whether the widow was living or dead, to apply the income for such a purpose.   It seems an unreasonable construction of the will to hold that the testator intended a double trust in any contingency, one in Mr. Hertzler and another in a successor to his wife, in whom he could not have expected the peculiar fitness to take charge of his infant female children, which he knew their mother had.   It must be admitted the frame of the will is obscure, and there is some apparent contradiction, but it is not necessarily contradictory.   If we read it as we may well suppose it written— if we follow the mind of the testator in its progressive steps, his intention seems reasonably obvious.   His first thought was for his wife.   He gave her one-third of his personal property. Wishing to give her also one-third of the income of his realty, and to commit his children to her care, he created a trust of the unbequeathed two-thirds of his personalty, and of all his realty, directing the trustee to pay to her the income of one-third of his lands for her own use during her life, and also the income of all the remainder, both real and personal, for the support, maintenance, and education of his children till the youngest should reach the age of twenty-one years.   Then they would no longer need her supervision.   Then the purposes of the trust as to the personalty would have been accomplished.   She would no longer maintain and educate the children, and therefore the personalty was directed to be divided.   But the widow's convenience and relief demanded a continuance of the trust as to the realty, so long as she should live.   It relieved her from care, and better secured her income.   All the purposes of the trust thus seem to have had relation to the widow, to her interests, or to her personal charge of the children.   The testator kept her steadily in view.   Hence it was a natural sequence in his mind that he should direct as he did the trust to cease at her death.   If, as it appears to us, the trust was created with a view to her benefit, and to assist her in supporting and educating the children, it was a personal confidence which of course did not survive her.   Then the earlier provisions of the will were contingent upon her living, and the latter was an alternative, to take effect, if her death should disappoint the testator's first plan for his children.   She having died, the trust expired with her.

The decree of the Orphans' Court is reversed, and the report of the auditor is confirmed.